NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:  (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER BUILDERS LLC, an Arizona limited liability company, doing business as PREMIER BUILDING GROUP; and RODNEY DAVIS, an individual,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF VEHICLE FINANCING AGREEMENT (2 COUNTS)**<br><br>**2. BREACH OF EQUIPMENT FINANCING AGREEMENT (2 COUNTS)**<br><br>**3. BREACH OF LEASE AGREEMENT**<br><br>**4. BREACH OF PERSONAL GUARANTY (5 COUNTS)** |

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2.      Defendant Premier Builders LLC, doing business as Premier Building Group ("Premier") is, and at all times relevant to this action was, an Arizona limited liability company, with its principal place of business in the County of Pima, State of Arizona.

3.      Defendant Rodney Davis ("Davis") (collectively with Premier and Rod, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Pima, State of Arizona, and was an officer, member, director, agent and/or owner of Defendants Premier and Rod.  Based on information and belief, including the Driver's License submitted by Davis to Balboa, Davis is domiciled in Tucson, Arizona 85750.

4.      Based on research, and information and belief, Premier has one member – Defendant Davis – who is a citizen of the State of Arizona. Thus, Premier is a citizen of the State of Arizona.

5.      Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the

Salisian|Lee LLP

scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6.    The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7.    Pursuant to the Vehicle Financing Agreement, Equipment Financing Agreement, Personal Guaranties, and Company Guaranty described herein below, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Vehicle Financing Agreement, Equipment Financing Agreement, and Lease Agreement provides, in pertinent part, as follows:

> **25. GENERAL.** … THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND AGREES THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE AND MANDATORY JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

*See* Vehicle Financing Agreement.

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA**. Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated, and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

*See* Equipment Financing Agreement.

> **19. CHOICE OF LAW; JURISDICTION: YOU AND WE AGREE THAT THIS LEASE SHALL BE BINDING WHEN ACCEPTED IN WRITING BY US**

2

Salisian|Lee LLP

**AT OUR OFFICES AND GOVERNED BY THE LAWS OF THE STATE OF CALIFORNIA. YOU AND WE AGREE THAT THIS LEASE IS DEEMED TO HAVE BEEN MADE AND PERFORMED IN ORANGE COUNTY, CA. YOU AND WE EACH SUBMIT TO THE JURISDICTION OF CALIFORNIA AND AGREE THAT THE COURTS OF ORANGE COUNTY, CALIFORNIA AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION SHALL HAVE EXCLUSIVE AND MANDATORY JURISDICTION OVER THE DETERMINATION OF ALL DISPUTES ARISING UNDER THIS LEASE.**

*See* Lease Agreement.

8.    <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9.    Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Premier is a citizen of the State of Arizona; Rod is a citizen of the State of Arizona; and Davis is a citizen of the State of Arizona.  As such, neither Premier, Rod, nor Davis are citizens of California or Georgia, and there exists complete diversity of citizenship between the parties.  Lastly, the amount in controversy exceeds $75,000.

10.    <u>Venue</u>.  This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

11.    All officers of Balboa, including all witnesses, and all documents of Balboa are located in the State of California, County of Orange.  The transactions at issue in this Action occurred in the State of California, County of Orange.

## <u>FIRST CAUSE OF ACTION</u>

### (Breach of Vehicle Financing Agreement No. 1)

### (Against Premier)

12.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

COMPLAINT

Salisian|Lee LLP

13.     Prior to May 2021, Balboa is informed and believes that Premier initiated and engaged with Enterprise Holdings, Inc. - Parent, located at 600 Corporate Park Dr., St. Louis, MO 63105 ("Vehicle Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral No. 1") for its business.  Vehicle Vendor No. 1 worked with Premier in the selection of Collateral No. 1 and in coordinating its delivery.

14.     Thereafter, Balboa is informed and believes, and therefore alleges, that Vehicle Vendor No. 1 initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions.  Upon review, Premier concluded that Balboa offered agreeable terms to finance Collateral No. 1 commensurate with its requirements.  Thereafter, Vehicle Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendants to finance Collateral No. 1 being supplied by Vehicle Vendor No. 1.

15.     On or about May 11, 2021, Premier executed a certain written Vehicle Financing Agreement No. 249322-003 ("VFA No. 1"), under the terms of which Balboa loaned to Premier the sum of Sixty-Two Thousand Two Hundred Twenty Dollars and Fifty-Four Cents ($62,220.54), in order to finance Collateral No. 1 for its business.  VFA No. 1 required Premier to make sixty (60) monthly payments of $1,329.67, payable on the 12th day of each month, beginning June 12, 2021.  A true and correct copy of VFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

16.     The last payment received by Balboa was credited toward the monthly payment due for October 12, 2024.  Therefore, on or about November 12, 2024, Premier breached VFA No. 1 by failing to make the monthly payment due on that date.  Defendant Premier's failure to make timely payments is a default under the terms of VFA No. 1.

COMPLAINT

Salisian|Lee LLP

17.    In accordance with VFA No. 1, and as a proximate result of Premier's default thereunder, Balboa declared the entire balance of the payments under VFA No. 1 to be immediately due and payable to Balboa.  Therefore, there became due the sum of $25,263.73.  This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Premier.

18.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of VFA No. 1, except as excused or prevented by the conduct of Premier.

19.    In addition, the terms of VFA No. 1 provide that Premier is liable to Balboa for late charges on all payments not made in a timely manner.  As of the date of the filing of Balboa's Complaint, late charges in the sum of $239.34 are now due and owing.

20.    As a proximate result of Premier's breach of VFA No. 1, Balboa has been damaged in the total sum of **$25,503.07**, plus prejudgment interest from November 12, 2024, until the entry of judgment herein.

21.    Further, under the terms of VFA No. 1, Premier promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of VFA No. 1.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Premier.

22.    VFA No. 1 also provides Balboa the remedy of possession of Collateral No. 1 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 1.

Salisian|Lee LLP

COMPLAINT

## **SECOND CAUSE OF ACTION**

### **(Breach of Personal Guaranty No. 1)**

### **(Against Davis)**

23.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

24.    Concurrent with the execution of VFA No. 1 and in order to induce Balboa to enter into VFA No. 1 with Premier, Davis guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of VFA No. 1.  A true and correct copy of the written Personal Guaranty signed by Davis ("Guaranty No. 1") is attached as **Exhibit B** and incorporated herein by reference.

25.    Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Davis.

26.    Following a default of Premier under the terms of VFA No. 1, Balboa demanded Davis make the payments required under VFA No. 1.  Davis failed to meet Guaranty No. 1 obligations and make the payments required under VFA No. 1.

27.    Pursuant to the terms of Guaranty No. 1, the sum of $25,503.07, plus prejudgment interest from November 12, 2024, is due and payable to Balboa from Davis.  This Complaint, in addition to previous demands, shall constitute further demand upon Davis to pay the entire indebtedness due and owing from Premier to Balboa under the terms of VFA No. 1.

28.    Under the terms of Guaranty No. 1, Davis promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of VFA No. 1 and Guaranty No. 1.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Davis.

Salisian|Lee LLP

COMPLAINT

### THIRD CAUSE OF ACTION

**(Breach of Vehicle Financing Agreement No. 2)**

**(Against Premier)**

29.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

30.     Prior to May 2021, Balboa is informed and believes that Premier initiated and engaged with Enterprise Commercial Trucks - Tucson, located at 3313 E. Speedway Blvd., Tucson, AZ 85716 ("Vehicle Vendor No. 2"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 2") for its business.  Vehicle Vendor No. 2 worked with Premier in the selection of Collateral No. 2 and in coordinating its delivery.

31.     Thereafter, Balboa is informed and believes, and therefore alleges, that Vehicle Vendor No. 2 initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions.  Upon review, Premier concluded that Balboa offered agreeable terms to finance Collateral No. 2 commensurate with its requirements.  Thereafter, Vehicle Vendor No. 2 accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendants to finance Collateral No. 2 being supplied by Vehicle Vendor No. 2.

32.     On or about May 19, 2021, Premier executed a certain written Vehicle Financing Agreement No. 249322-004 ("VFA No. 2"), under the terms of which Balboa loaned to Premier the sum of Sixty-Four Thousand Eight Hundred Thirty-Seven Dollars and Thirty-Five Cents ($64,837.35), in order to finance Collateral No. 2 for its business.  VFA No. 2 required Premier to make sixty (60) monthly payments of $1,385.59, payable on the 20th day of each month, beginning June 20, 2021.  A true and correct copy of VFA No. 2 is attached as **Exhibit C** and is incorporated here by reference.

COMPLAINT

Salisian|Lee LLP

33.    The last payment received by Balboa was credited toward the monthly payment due for October 20, 2024.  Therefore, on or about November 20, 2024, Premier breached VFA No. 2 by failing to make the monthly payment due on that date.  Defendant Premier's failure to make timely payments is a default under the terms of VFA No. 2.

34.    In accordance with VFA No. 2, and as a proximate result of Premier's default thereunder, Balboa declared the entire balance of the payments under VFA No. 2 to be immediately due and payable to Balboa.  Therefore, there became due the sum of $26,326.21.  This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Premier.

35.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of VFA No. 2, except as excused or prevented by the conduct of Premier.

36.    As a proximate result of Premier's breach of EFA No. 1, Balboa has been damaged in the total sum of **$26,326.21**, plus prejudgment interest from November 20, 2024, until the entry of judgment herein.

37.    Further, under the terms of VFA No. 2, Premier promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of VFA No. 2.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Premier.

38.    VFA No. 2 also provides Balboa the remedy of possession of Collateral No. 2 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 2.

COMPLAINT

Salisian|Lee llp

## **FOURTH CAUSE OF ACTION**

### **(Breach of Personal Guaranty No. 2)**

### **(Against Davis)**

39.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

40.     Concurrent with the execution of VFA No. 2, and in order to induce Balboa to enter into VFA No. 2 with Premier, Davis guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of VFA No. 2.  A true and correct copy of the written Personal Guaranty signed by Davis ("Guaranty No. 2") is attached as **Exhibit D** and incorporated herein by reference.

41.     Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Davis.

42.     Following a default of Premier under the terms of VFA No. 2, Balboa demanded Davis make the payments required under VFA No. 2.  Davis failed to meet Guaranty No. 2 obligations and make the payments required under VFA No. 2.

43.     Pursuant to the terms of Guaranty No. 2, the sum of $26,326.21, plus prejudgment interest from November 20, 2024, is due and payable to Balboa from Davis.  This Complaint, in addition to previous demands, shall constitute further demand upon Davis to pay the entire indebtedness due and owing from Premier to Balboa under the terms of VFA No. 2.

44.     Under the terms of Guaranty No. 2, Davis promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of VFA No. 2 and Guaranty No. 2.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Davis.

Salisian|Lee llp

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

**(Breach of Equipment Financing Agreement No. 1)**

**(Against Premier)**

45.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

46.     Prior to September 2021, Balboa is informed and believes that Premier initiated and engaged with Carvana LLC, doing business as Carvana, located at 600 South 94 Ave., Tolleson, AZ ("Equipment Vendor No. 1"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 3") for its business.  Equipment Vendor No. 1 worked with Premier in the selection of Collateral No. 3 and in coordinating its delivery.

47.     Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 1 initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions, including Pawnee Leasing Corporation ("Pawnee").  Upon review, Premier concluded that Balboa offered agreeable terms to finance Collateral No. 3 commensurate with its requirements.  Thereafter, Equipment Vendor No. 1 accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendants to finance Collateral No. 3 being supplied by Equipment Vendor No. 1.

48.     On or about September 14, 2021, Premier executed a certain written Equipment Financing Agreement No. 2021090264 ("EFA No. 1"), under the terms of which Balboa loaned to Premier the sum of Sixty-Four Thousand Eight Hundred Ninety-Seven Dollars and Eighty-Four Cents ($64,897.84), in order to finance Collateral No. 3 for its business.  EFA No. 1 required Premier to make sixty (60) monthly payments of $1,535.75, payable on the 15th day of each month, beginning September 15, 2021.  A true and correct copy of EFA No. 1 is attached as **Exhibit E** and is incorporated here by reference.

COMPLAINT

49.     Balboa subsequently assigned all rights and interest in EFA No. 1 to Pawnee.  A true and correct copy of the assignment is attached as **Exhibit F** and is incorporated herein by reference.

50.     The last payment received by Balboa was credited toward the monthly payment due for October 15, 2024.  Therefore, on or about November 15, 2024, Premier breached EFA No. 1 by failing to make the monthly payment due on that date.  Defendant Premier's failure to make timely payments is a default under the terms of EFA No. 1.

51.     Pawnee then subsequently assigned all rights and interest in EFA No. 1 to Balboa with fifty-one (51) remaining payments.  Balboa then assigned EFA No. 1 Agreement No. 249322-005.  A true and correct copy of the assignment is attached as **Exhibit G** and is incorporated herein by reference.

52.     In accordance with EFA No. 1, and as a proximate result of Premier's default thereunder, Balboa declared the entire balance of the payments under EFA No. 1 to be immediately due and payable to Balboa.  Therefore, there became due the sum of $33,778.14.  This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Premier.

53.     Balboa and Pawnee have performed all of the terms, conditions, and covenants required to be performed by them under the terms of EFA No. 1, except as excused or prevented by the conduct of Premier.

54.     As a proximate result of Premier's breach of EFA No. 1, Balboa has been damaged in the total sum of **$33,778.14**, plus prejudgment interest from November 15, 2024, until the entry of judgment herein.

55.     Further, under the terms of EFA No. 1, Premier promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Premier.

COMPLAINT

Salisian|Lee LLP

56.    EFA No. 1 also provides Balboa the remedy of possession of Collateral No. 3 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 3 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 3.

**SIXTH CAUSE OF ACTION**

**(Breach of Personal Guaranty No. 3)**

**(Against Davis)**

57.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

58.    Concurrent with the execution of EFA No. 1, and in order to induce Balboa to enter into EFA No. 1 with Premier, Davis guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of EFA No. 1.  A true and correct copy of the written Personal Guaranty signed by Davis ("Guaranty No. 3") is attached as **Exhibit E (Page 1)** and incorporated herein by reference.

59.    Balboa and Pawnee have performed all the terms, conditions, and covenants required to be performed by them under the terms of Guaranty No. 3, except as excused or prevented by the conduct of Davis.

60.    Following a default of Premier under the terms of EFA No. 1, Balboa demanded Davis make the payments required under EFA No. 1.  Davis failed to meet Guaranty No. 3 obligations and make the payments required under EFA No. 1.

61.    Pursuant to the terms of Guaranty No. 3, the sum of $33,778.14, plus prejudgment interest from November 15, 2024, is due and payable to Balboa from Davis.  This Complaint, in addition to previous demands, shall constitute further demand upon Davis to pay the entire indebtedness due and owing from Premier to Balboa under the terms of EFA No. 1.

Salisian|Lee LLP

COMPLAINT

62.     Under the terms of Guaranty No. 3, Davis promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 1 and Guaranty No. 3.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Davis.

## SEVENTH CAUSE OF ACTION

### (Breach of Equipment Financing Agreement No. 2)

### (Against Premier)

63.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

64.     Prior to September 2021, Balboa is informed and believes that Premier initiated and engaged with Energy Efficient Solutions LLC, located at 1126 S Cedar Ridge Dr., Duncanville, TX 75137 ("Equipment Vendor No. 2"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral No. 4") for its business.  Equipment Vendor No. 2 worked with Premier in the selection of Collateral No. 4 and in coordinating its delivery.

65.     Thereafter, Balboa is informed and believes, and therefore alleges, that Equipment Vendor No. 2 initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions.  Upon review, Premier concluded that Balboa offered agreeable terms to finance Collateral No. 4 commensurate with its requirements.  Thereafter, Equipment Vendor No. 2 accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendant to finance Collateral No. 4 being supplied by Equipment Vendor No. 2.

66.     On or about September 23, 2021, Premier executed a certain written Equipment Financing Agreement No. 249322-006 ("EFA No. 2"), under the terms of which Balboa loaned to Premier the sum of Twenty-Six Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($26,537.50), in order to finance Collateral No. 4 for its business.  EFA No. 2 required Premier to make forty-eight (48)

Salisian|Lee LLP

COMPLAINT

monthly payments of $625.00, payable on the 22nd day of each month, beginning November 22, 2021.  A true and correct copy of EFA No. 2 is attached as **Exhibit H** and is incorporated here by reference.

67.    The last payment received by Balboa was credited toward the monthly payment due for October 22, 2024.  Therefore, on or about November 22, 2024, Premier breached EFA No. 2 by failing to make the monthly payment due on that date.  Defendant Premier's failure to make timely payments is a default under the terms of EFA No. 2.

68.    In accordance with EFA No. 2, and as a proximate result of Premier's default thereunder, Balboa declared the entire balance of the payments under EFA No. 2 to be immediately due and payable to Balboa.  Therefore, there became due the sum of $7,500.00.  This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Premier.

69.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Premier.

70.    As a proximate result of Premier's breach of EFA No. 2, Balboa has been damaged in the total sum of **$7,500.00**, plus prejudgment interest from November 22, 2024, until the entry of judgment herein.

71.    Further, under the terms of EFA No. 2, Premier promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Premier.

72.    EFA No. 2 also provides Balboa the remedy of possession of Collateral No. 4 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 4 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 4.

COMPLAINT

## **EIGHTH CAUSE OF ACTION**

### **(Breach of Personal Guaranty No. 4)**

### **(Against Davis)**

73.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

74.     Concurrent with the execution of EFA No. 2, and in order to induce Balboa to enter into EFA No. 2 with Premier, Davis guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of EFA No. 2.  A true and correct copy of the written Personal Guaranty signed by Davis ("Guaranty No. 4") is attached as **Exhibit I** and incorporated herein by reference.

75.     Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 4, except as excused or prevented by the conduct of Davis.

76.     Following a default of Premier under the terms of EFA No. 2, Balboa demanded Davis make the payments required under EFA No. 2.  Davis failed to meet Guaranty No. 4 obligations and make the payments required under EFA No. 2.

77.     Pursuant to the terms of Guaranty No. 4, the sum of $7,500.00, plus prejudgment interest from November 22, 2024, is due and payable to Balboa from Davis.  This Complaint, in addition to previous demands, shall constitute further demand upon Davis to pay the entire indebtedness due and owing from Premier to Balboa under the terms of EFA No. 2.

78.     Under the terms of Guaranty No. 4, Davis promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of EFA No. 2 and Guaranty No. 4.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Davis.

Salisian|Lee LLP

COMPLAINT

1
2
3

## NINTH CAUSE OF ACTION

### (Breach of Lease Agreement)

### (Against Premier)

4    79.    Balboa alleges and incorporates by reference each and every allegation
5    contained above, inclusive, as though each were fully set forth here.

6    80.    Prior to April 2022, Balboa is informed and believes that Premier
7    initiated and engaged with Branco Machinery Co., located at 1205 N McQueen Rd.,
8    Gilbert, AZ 85233 ("Equipment Vendor No. 5"), in order to coordinate the
9    acquisition and financing of certain equipment (hereinafter referred to as
10   "Collateral No. 5") for its business.  Equipment Vendor No. 5 worked with Premier
11   in the selection of Collateral No. 5 and in coordinating its delivery.

12   81.    Thereafter, Balboa is informed and believes, and therefore alleges, that
13   Equipment Vendor No. 5 initiated and coordinated submission of Defendant's
14   electronic credit application to Balboa and other financial institutions.  Upon
15   review, Premier concluded that Balboa offered agreeable terms to finance Collateral
16   No. 5 commensurate with its requirements.  Thereafter, Equipment Vendor No. 5
17   accumulated and submitted to Balboa the requisite signatories, documentation, and
18   financial information from Defendant to finance Collateral No. 5 being supplied by
19   Equipment Vendor No. 5.

20   82.    On or about April 12, 2022, Premier executed a certain written
21   Equipment Financing Agreement No. 249322-008 (the "LA"), under the terms of
22   which Balboa loaned to Premier the sum of Seventy-Seven Thousand Two Hundred
23   Forty-Nine Dollars and Zero Cents ($77,249.00), in order to finance Collateral No.
24   5 for its business.  The LA required Premier to make sixty (60) monthly payments
25   of $1,475.45, payable on the 13th day of each month, beginning August 13, 2022.
26   A true and correct copy of the LA is attached as **Exhibit J** and is incorporated here
27   by reference.

28

COMPLAINT

Salisian|Lee ᴸᴸᴾ

83.    The last payment received by Balboa was credited toward the monthly payment due for October 13, 2024.  Therefore, on or about November 13, 2024, Premier breached the LA by failing to make the monthly payment due on that date.  Defendant Premier's failure to make timely payments is a default under the terms of the LA.

84.    In accordance with the LA, and as a proximate result of Premier's default thereunder, Balboa declared the entire balance of the payments under the LA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $47,214.40.  This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Premier.

85.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Premier.

86.    In addition, the terms of the LA provide that Premier is liable to Balboa for late charges and taxes on all payments not made in a timely manner.  As of the date of the filing of Balboa's Complaint, late charges in the sum of $265.58, and sales tax in the amount of $4,107.65 are now due and owing

87.    As a proximate result of Premier's breach of the LA, Balboa has been damaged in the total sum of **$51,587.63**, plus prejudgment interest from November 13, 2024, until the entry of judgment herein.

88.    Further, under the terms of the LA, Premier promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the LA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Premier.

89.    The LA also provides Balboa the remedy of possession of Collateral No. 5 and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral No. 5 and apply the net proceeds from the sale to

COMPLAINT

Salisian|Lee LLP

the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of Collateral No. 5.

## TENTH CAUSE OF ACTION

### (Breach of Personal Guaranty No. 5)

### (Against Davis)

90.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

91.     Concurrent with the execution of the LA, and in order to induce Balboa to enter into the LA with Premier, Davis guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the LA.  A true and correct copy of the written Personal Guaranty signed by Davis ("Guaranty No. 5") is attached as **Exhibit J (Page 1)** and incorporated herein by reference.

92.     Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of Guaranty No. 5, except as excused or prevented by the conduct of Davis.

93.     Following a default of Premier under the terms of the LA, Balboa demanded Davis make the payments required under the LA.  Davis failed to meet Guaranty No. 5 obligations and make the payments required under the LA.

94.     Pursuant to the terms of Guaranty No. 5, the sum of $51,587.63, plus prejudgment interest from November 13, 2024, is due and payable to Balboa from Davis.  This Complaint, in addition to previous demands, shall constitute further demand upon Davis to pay the entire indebtedness due and owing from Premier to Balboa under the terms of the LA.

95.     Under the terms of Guaranty No. 5, Davis promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the LA and Guaranty No. 5.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Davis.

Salisian|Lee LLP

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes Of Action**

1.      The sum of $25,503.07;

2.      Prejudgment interest from November 12, 2024, to the date of entry of judgment;

3.      Late charges and non-sufficient charges in an amount to be proven at trial;

4.      An order to recover possession of Collateral No. 1 which is the subject of VFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;

5.      Reasonable attorneys' fees and costs;

6.      Costs of suit as provided by law; and

7.      Such other fees and further relief that the Court considers proper.

**On the Third and Fourth Causes of Action**

1.      The sum of $26,326.21;

2.      Prejudgment interest from November 20, 2024, to the date of entry of judgment;

3.      Late charges and non-sufficient charges in an amount to be proven at trial;

4.      An order to recover possession of Collateral No. 2 which is the subject of VFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;

5.      Reasonable attorneys' fees and costs;

6.      Costs of suit as provided by law; and

7.      Such other fees and further relief that the Court considers proper.

Salisian|Lee LLP

COMPLAINT

**On the Fifth and Sixth Causes of Action**

1. The sum of $33,778.14;

2. Prejudgment interest from November 15, 2024, to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of Collateral No. 3 which is the subject of EFA No. 1, or if Collateral No. 3 cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other fees and further relief that the Court considers proper.

**On the Seventh and Eighth Causes of Action**

1. The sum of $7,500.00;

2. Prejudgment interest from November 22, 2024, to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of Collateral No. 4 which is the subject of EFA No. 2, or if Collateral No. 4 cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other fees and further relief that the Court considers proper.

**On the Ninth and Tenth Causes of Action**

1. The sum of $51,587.63;

2. Prejudgment interest from November 13, 2024, to the date of entry of judgment;

Salisian|Lee LLP

COMPLAINT

3.      Late charges and non-sufficient charges in an amount to be proven at trial;

4.      An order to recover possession of Collateral No. 5 which is the subject of the LA, or if Collateral No. 5 cannot be delivered, for its reasonable value according to proof;

5.      Reasonable attorneys' fees and costs;

6.      Costs of suit as provided by law; and

7.      Such other fees and further relief that the Court considers proper.


DATED:  February 4, 2025          SALISIAN | LEE LLP

                                  By:  _____
                                       Jared T. Densen
                                       Neal S. Salisian
                                       Patty W. Chen

                                  Attorneys for Plaintiff
                                  AMERIS BANK d/b/a BALBOA CAPITAL
                                  CORPORATION

COMPLAINT